## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

DARVIN W. GRAY,

                    Petitioner,

v.                                                    Case No. 23-CV-045-JFH-GLJ

CARRIE BRIDGES,

                    Respondent.

## OPINION AND ORDER

This matter is before the Court on the Tenth Circuit Court of Appeals' Order to vacate this Court's Opinion and Order and to dismiss this habeas corpus petition for lack of jurisdiction. *Gray v. Bridges*, No. 23-7065, slip op. at 7 (10th Cir. May 29, 2024) [Dkt. No. 27].

The record shows that on February 3, 2023, Petitioner Darvin W. Gray ("Gray") filed a "Motion for F.R.C.P. 60B(4) and (6)--VOID Judgement and any other reason that Justifies Relief." Dkt. No. 1. The Court determined that he was serving sentences imposed in Muskogee County District Court Case No. 2011-951. Dkt. 9 at 1. Gray alleged in his motion that his state-court judgment was void, because the decision in *McGirt v. Oklahoma*, 591 U.S. 894 (2020), eliminated Oklahoma's criminal jurisdiction. Dkt. No. 1 at 1. This Court dismissed Gray's motion on the merits, finding that Rule 60(b) did not apply to state-court judgments. Dkt. No. 9. He then filed a "Motion for Judicial Notice" in the Tenth Circuit Court of Appeals, which was construed as "a misdirected notice of appeal." *Gray v. Bridges*, No. 23-7065, slip op. at 3 (10th Cir. May 29, 2024) [Dkt. No. 27].

Based on the relief sought by Gray, the Tenth Circuit found that his Rule 60(b) motion was in fact a second or successive petition under 28 U.S.C. § 2254. *Id*. at 4-5 (citing *Bird v. Wyo. Dep't*

*of Corr. State Penitentiary Warden*, 667 F. App'x 693, 694 (10th Cir. 2016) (unpublished).[1]  The

Circuit Court then construed Gray's "Motion for Judicial Notice" as an application to file a second

§ 2254 petition and denied the application.  *Id*. at 5.  The Circuit found that this Court lacked

jurisdiction to consider the motion at issue, because Gray had not received authorization by the

Tenth Circuit to file a second § 2254 petition.  *Id.*  Because "Gray ha[d] not presented a claim

based on 'a new rule of constitutional law . . . that was previously unavailable' pursuant to 28

U.S.C. § 2244(b)(2)(A), the Tenth Circuit denied Gray's application to file a second or successive

§ 2254 petition.  *Id*. at 6.

IT IS THEREFORE ORDERED that this Court' Opinion and Order entered on April 24,

2023 [Dkt. No. 9] is vacated, and Gray's second or successive petition is dismissed for lack of

jurisdiction.  *See Gray*, No. 23-7065, slip op. at 7.

Dated this 14th day of August 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[1] Gray's first § 2254 petition was filed in 2016 in *Gray v. Whitten*, No. 16-CV-482-RAW-KEW
(E.D. Okla. Feb. 21, 2020).