IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

**DARVIN W. GRAY,**

          **Petitioner,**

v.                               Case No. 23-CV-045-JFH-GLJ

**CARRIE BRIDGES,**

          **Respondent.**

## OPINION AND ORDER

Petitioner Darvin W. Gray ("Gray") filed a second motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure. Dkt. No. 28. Gray asserts he is "challenging the integrity" of the characterization of his initial Rule 60(b) motion as second and successive. *Id.* at 1. He complains that he was not given "a chance to amend or withdraw his motion before the courts construed it as a second and successive § 2254." *Id.*

The record shows that on February 2, 2023, Gray filed a motion for relief under Rule 60(b) Dkt. No. 1. This Court found that the motion had been incorrectly construed as a § 2241 habeas petition, when Gray only could challenge his state conviction and sentence in this Court through a § 2254 petition. Dkt. No. 9 at 1-2.

On September 18, 2023, Gray submitted a "Motion for Judicial Notice" to the Tenth Circuit Court of Appeals. Dkt. No. 13. The appellate court found the motion was a misdirected notice of appeal and forwarded it to this Court. Dkt. No. 13-1. On appeal, the Tenth Circuit Court of Appeals found that Petitioner's Rule 60(b) motion actually was a second or successive § 2254 petition. *Gray v. Bridges*, No. 23-7065, slip op. at 4 (10th Cir. May 29, 2024) [Dkt. No. 27]. The appellate court further construed Gray's "Motion for Judicial Notice" as an application to file a second or successive § 2254 petition and denied the application. *Id.* at 5-6.

Gray's present motion is repetitive and confusing. He states he is challenging the determination that his Rule 60(b) motion was a second or successive § 2254 habeas petition, citing Rule 60(b). Dkt. No. 28 at 1. He argues that under Rule 60(b), his trial court judgment was void, because of a lack of subject-matter jurisdiction, arising from his tribal membership. *Id*. at 2. He is seeking relief in the form of a "reopening of his case" under Rule 60(b)(4). *Id*. at 4.

Gray lists both his district court and his circuit court case numbers on his motion. *Id.* at 1. To the extent he is challenging the Tenth Circuit's Order [Dkt. No. 27], that determination "is not appealable and 'shall not be the subject of a petition for rehearing or for a writ of certiorari." *Id*. at 6 n.6. If Petitioner is again attempting to initiate another habeas proceeding in this Court, such petition would be a second or successive § 2254 petition. *See id*. at 4. "For a district court to have jurisdiction over a second or successive § 2254 petition, the petition first must be authorized by the appropriate circuit court." *Id.* at 5 (citing 28 U.S.C. § 2244(b)(3)(A)). Because Gray lacks the Tenth Circuit's authorization to file another second or successive petition, this district court lacks jurisdiction to consider his motion. *See id.* (citing *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008)).

A certificate of appealability "is required to appeal a Rule 60(b) motion in a habeas case." *See Johnson v. Patton*, 804 F. App'x 928, 930 (10th Cir. 2020). To obtain a certificate of appealability to challenge the Court's procedural ruling, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds

that Petitioner cannot make the required showing, therefore, he is denied a certificate of appealability.

IT IS THEREFORE ORDERED that Gray's second motion for relief under Fed. R. Civ. P. 60(b) [Dkt. No. 28] is construed as a second or successive § 2254 habeas petition. The petition is denied for lack of jurisdiction, and Gray is denied a certificate of appealability.

Dated this 20th day of August 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE